WILLIAM B. BACON *vs.* HENRY GASSETT & another.

A testator who in his lifetime had given to each of his children the sum of five thousand dollars, taking their promissory notes therefor, in which the husbands of such as were married women joined, made his will in which, after certain specific provisions, he directed the residue of his estate to be divided into six equal shares, corresponding with the number of his five children then living, and a granddaughter, the child of a deceased daughter of the testator, and gave to each of them one of said shares; the shares of a daughter of the testator and of the granddaughter to be in trust; "provided, however, that all sums of money which shall previously have been advanced to my said children or their husbands, or for their benefit, and all notes taken therefor, or hereafter taken, shall first be deducted from the shares or portions of such child or children for whose use and benefit such advance or advancements shall have been made ; and, of course, as my granddaughter stands in the place of her deceased mother, the note of five thousand dollars signed by her father and mother must be deducted from the share devised for her use." The trustee of the share of the granddaughter was to keep it safely invested, and apply the income for her benefit during life, and upon her death to distribute the principal among her issue then living, if any, or in default thereof among the other children of the testator. "And whereas, also, at the time of the intermarriage of my much lamented daughter, now deceased, with A., I took their joint promissory note (she being then a minor) for the sum of five thousand dollars, it is my will that, in case their only child already before named as my granddaughter should die without issue, said note should be given up to him; and I do accordingly, on the happening of such contingency, give and devise the same promissory note to the said A." *Held,* that A. was entitled to have his said note given up to him to be cancelled.

BILL IN EQUITY to compel Henry Gassett and Francis Bacon, trustees under the will of Henry Gassett, senior, to surrender to the plaintiff a promissory note for $5000, signed by the plaintiff and his wife, Eleanor, a daughter of the testator, at the time of their marriage. The defendants filed separate answers, Francis Bacon professing his desire to deliver the note to the plaintiff, but his inability to do so on account of its being in the possession of his co-trustee; and Gassett insisting that his duty as trustee under the will obliged him to hold the note.

At the hearing in this court, before *Gray,* J., it was admitted that the testator gave to each of his children in his lifetime the sum of $5000, taking their promissory notes therefor, in which the husbands of such as were married women joined ; that the note now in question was given for the sum of $5000, paid by the testator to his daughter Eleanor at the time of her marriage

and that no demand of payment of the note, or interest thereon, has ever been made by the trustees or the executors.

After making certain specific bequests, and giving to his wife $10,000 absolutely, and the income of $30,000 during her widowhood, the material portions of the will were as follows:

" Item sixth. The rest, residue and remainder of my estate, both real and personal and mixed, of whatever kind and quality soever, or wherever to be found, of which I am now lawfully seized or possessed, or of which I may die seized, possessed, or entitled so to be, I will shall be divided and distributed into six equal parts or shares, corresponding with the number of my five children now living, (A. D. 1854,) and my granddaughter, Eleanor G. Bacon, she taking the place of her deceased mother, the wife of William B. Bacon; and I do give, devise and bequeath to each of my children and grandchild aforesaid, to wit, Henry Gassett, Jr., Oscar Gassett, Catharine Hall, wife of Edward R. Hall, Edward Gassett, Francis Gassett, and granddaughter Eleanor G. Bacon, one of said parts or shares to each, to them and to their several and respective heirs and assigns forever; the said parts or shares of daughter Catharine Hall and granddaughter Eleanor G. Bacon, qualified and devised in trust, as hereinafter provided."

" Provided, however, that all sums of money which shall previously have been advanced to my said children, or their husbands, or for their benefit, including the advance and settlement for the use of my said daughter Catharine, of 3d October, A. D. 1854, and all notes taken therefor, or hereafter taken, shall first be deducted from the shares or portions of such child or children for whose use and benefit such advance or advancements shall have been made; and, of course, as my granddaughter, Eleanor G. Bacon, stands in the place of her deceased mother, the note of five thousand dollars, signed by her father and mother, must be deducted from the share devised for her use."

" And in regard to the share or portion hereinbefore given or intended to be given and devised for the use of my said granddaughter, Eleanor G. Bacon, I do now further give, devise and bequeath the same, with such accumulation or increase thereof

as may accrue or arise by the provisions herein contained, to my greatly respected acquaintance, Francis Bacon, Esquire, president of the China Insurance Co., and to my said son, Henry Gassett, and to the survivor of them, his heirs, executors, administrators or successors in said trust, in trust for the following uses and purposes, and none other : In trust, to manage the same, and keep the said share or portion safely and securely invested on interest, and from time to time to collect and receive the dividends, income and interest thereof, and quarter yearly, or at other times more convenient, to apply so much thereof as may be necessary to the support, maintenance and education of said Eleanor G. Bacon, during her minority ; and afterwards to pay over any of the residue of said income and interest to the said Eleanor G. Bacon, personally, when she shall arrive at full age ; and afterwards, during the natural life of said Eleanor G. Bacon, from time to time, quarter yearly, or at other times more convenient, to pay over to her the accruing net interest, dividends and income of said share or portion, for her own use, free from the control or interference of any husband or husbands, should she be married."

" In trust, upon the decease of my said granddaughter, Eleanor G. Bacon, leaving issue, to divide and distribute the said share or portion, or so much thereof as may then remain, with all the accumulation thereof, equally and in equal shares and portions, to and among such issue or children then living, to them and to their several and respective heirs and assigns forever ; but in default of such issue or children, to divide and distribute the same among my other children as herein provided."

" And whereas, also, at the time of the intermarriage of my much lamented daughter Eleanor, now deceased, with Mr. William B. Bacon, I took their joint promissory note, she being then a minor, for the sum of five thousand dollars, it is my will that in case their only child, the said Eleanor G. Bacon, already before named as my granddaughter, should die without issue, that said note should be given up to him ; and I do accordingly on the happening of such contingency, give and devise the same promissory note to the said William B. Bacon."

The case was reserved for the determination of the whole court.

*J. D. Bryant*, for the plaintiff.

*C. A. Welch*, for the defendant Gassett.

WELLS, J. It is clear that in the distribution of an intestate estate this note of Bacon and his wife could not be treated as an advancement. *Barton* v. *Rice*, 22 Pick. 508. But it cannot be doubted that a testator may, by his will, direct that such notes be regarded as advancements, and deducted in making up the shares of the residuary legatees for a division among them. In such case the same mode of distribution would be proper and necessary as when advancements are to be taken into account in the settlement of intestate estates. The note ceases to be a debt to be collected. It is to be included in making up the sum total to be divided, and then is deducted from the separate share. It becomes, to all intents and purposes, an advancement merely; not by force of the statute, nor by virtue of its original character, but made so by the will of the testator. *Hall* v. *Davis*, 3 Pick. 450. This case is reduced, therefore, to a mere question of intention. The testator manifestly regarded the money, for which the note had been given, as an advancement to his daughter on her marriage. He so designates it; and he directs the same mode of disposition as would be adopted in the usual cases of advancements. He assigns a reason for having taken the note of Bacon jointly with his daughter, namely, " she being then a minor; " which shows that he did not consider it as a debt due from or to be paid by him. And he declares that " of course, as my granddaughter, Eleanor G. Bacon, stands in the place of her deceased mother, the note of five thousand dollars, signed by her father and mother, must be deducted from the share devised for her use." These provisions seem not only unequivocal, but studiously explicit, as declaring the intention of the testator that the notes should, in all respects, be treated as advancements.

But the defendant Gassett relies upon a subsequent clause, in which the testator declares it to be his will, in case his said granddaughter " should die without issue, that said note should

be given up to him; and I do accordingly, on the happening of such contingency, give and devise the same promissory note to the said William B. Bacon;" and contends that this provision requires that until that event shall happen the note must form part of the share of the granddaughter. But this, we think, would be giving to that clause an effect, by mere construction, which was not at all contemplated by the testator. On the contrary, his intention seems to have been to protect Bacon from the possibility that the note should, in any event, be collected or held as a debt against him. It is true, upon the construction to which we incline, that no such provision would be necessary, except in the contingency that the legacy should lapse by the death of the granddaughter, without issue, before the decease of the testator. But there was occasion to provide against this contingency; the testator clearly did intend to provide against it; the terms used are adequate for the purpose; and the fact that he did not restrict those terms to the precise and technical limits of that necessity, does not justify, certainly does not require, a construction which would give to the clause a double aspect, and make it inconsistent with what appears to be the general purpose of the will. It is urged that this will was drawn by counsel familiar with all the technical principles applicable to such subjects; and therefore it cannot be supposed that these terms were not used advisedly. But the same counsel also drew the several clauses which directed the notes to be treated as advancements, and certainly could not have been unaware of the disposition which that would require to be made of the note of Bacon, if a division should be made in the lifetime of the granddaughter.

We are of opinion, upon comparing all the provisions of the will, that the testator intended the note of Bacon to be cancelled at all events, in the settlement of his estate; and the plaintiff is entitled to have a *Decree accordingly.*